IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CRAIG GATES, :
:
    Plaintiff, :
:
v. : NO. 4:06-CV-50 (CDL)
:
Sheriff, MIKE JOLLEY, et al., :
: PROCEEDINGS UNDER 42 U.S.C. § 1983
:
    Defendants. :

## REPORT AND RECOMMENDATION

Before the court is the Defendants' Motion to Dismiss Plaintiff's action. Defendants' Motion to Dismiss argues that Plaintiff's action should be dismissed because: (1) Eleventh Amendment immunity and sovereign immunity bar this action; (2) Defendants are not "persons" within the meaning of 42 U.S.C. §1983; (3) the Complaint does not state a federal claim upon which relief can be granted; (4) the statute of limitations bars this action; and (5) punitive damages are unavailable as a matter of law. (R-15-1 and 15-2). The Plaintiff was notified of his right to respond and did so on September 18, 2006 (R-16-1 and 16-2).

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules*

*of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## PROCEDURAL HISTORY

On April 26, 2004, in case number 4:04-CV-45, Plaintiff filed a 42 U.S.C. § 1983 suit involving the same fact pattern as the case at bar. (See R-1, 4:04-CV-45). While Plaintiff timely filed a grievance regarding his alleged slip and fall, he failed to give the Defendants notice of any injury in said grievance. (See R-19; 4:04-CV-45). On January 13, 2005, Plaintiff's case was dismissed without prejudice for failure to exhaust his administrative remedies. (See R-28 and 30; 4:04-CV-45). Plaintiff's Appeal to the Court of Appeals for the Eleventh Circuit was dismissed for want of prosecution. (See R-38; 4:04-CV-45). Plaintiff filed the instant action on May 17, 2006. (R-1-1).

## DISCUSSION

The Plaintiff's complaint requests monetary damages for the Defendants' violation of his Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment right to equal protection of the laws. (R-1-1). Specifically, Plaintiff

2

claims that on January 9, 2004, he slipped in water that had accumulated on the floor of the jail, due to a leak in the roof, causing him to suffer back pain. *Id.* Plaintiff alleges that Sheriff Mike Jolley and Lt. Christi Webb were aware of the roof leak at the jail but stated they had not had time to repair it. *Id.* Plaintiff attached several Exhibits to his objections to the prior Report & Recommendation in this case. (R-5-2). Plaintiff's Exhibit (1)A, consists of: a copy of a Grievance Appeal Form dated August 17, 2005; a sworn Affidavit dated January 19, 2005; a Harris County inmate Appeal Form dated March 5, 2005; and a sworn Affidavit dated February 7, 2005. *Id.* Additionally, Plaintiff attached a letter written by him and addressed to Sheriff Mike Jolley as Exhibit (1)B. *Id.* Plaintiff alleges that these documents show that he "re-exhausted" his administrative remedies. *Id.*

**MOTION TO DISMISS**

As previously stated, Defendants filed a Motion to Dismiss based upon five grounds: (1) Eleventh Amendment immunity and sovereign immunity bar this action; (2) Defendants are not "persons" within the meaning of 42 U.S.C. §1983; (3) the Complaint does not state a federal claim upon which relief can be granted; (4) the statute of limitations bars this action; and (5) punitive damages are unavailable as a matter of law. (R-15-1 and 15-2).

Plaintiff Gates names Defendants Jolley and Webb in their official capacities only. (R-1, p. 4). As a result of such, Defendants have asserted in their Motion to Dismiss that they are entitled to Eleventh Amendment and sovereign immunity because in their official capacities as sheriff and deputy of Harris County, they were acting as an "arm of the state."

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of

the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  To determine whether a defendant is immune from liability under the Eleventh Amendment, the Eleventh Circuit Court of Appeals has held that "...a defendant need not be labeled a "state officer" or "state official," but instead need only be acting as an "arm of the State," which includes agents and instrumentalities of the State." *Manders v. Lee,* 338 F.3d 1304, 1308 -1309 (11th Cir. 2003); citing *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429-30, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997).  The Court, in *Manders*, set out the four factor test used to ascertain whether an entity is an "arm of the State" in carrying out the function at issue: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Manders* at 1309; citing *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm.,* 226 F.3d 1226, 1231-34 (11th Cir.2000); *Shands Teaching Hosp. & Clinics v. Beech St. Corp.,* 208 F.3d 1308, 1311 (11th Cir.2000) ; *Tuveson v. Fla. Governor's Council of Indian Affairs, Inc.,* 734 F.2d 730, 732 (11th Cir.1984).

Because the decision in *Manders* is controlling as to the instant case, the four factor test as laid out in that decision must be utilized.  This Court, then, is required to review how the Georgia Constitution defines a sheriff's duties, to what extent the state controls the sheriff's duties, from where the sheriff derives his funds and, finally, where the responsibility for judgements against the sheriff lies. Georgia's Constitution, in article IX, § 1, paragraph

4

3(a) and (b) states that it provides the state legislature the sole authority to establish and control a sheriff's powers and responsibilities. *See*, Ga. Const. art. IX, § 1, ¶ 1(c)(1). The Court in *Manders,* in analyzing a Georgia case, found that Georgia law defines a sheriff's functions as being controlled and granted by the State. *Manders v. Lee,* 338 F.3d 1304, 1304 (11th Cir. 2003). The Court held that the sheriff's office was independent from the county and it's "governing authority." *Id.* The Court, in a detailed analysis of this issue, went on to find that in Georgia, depending on what function is at issue, the sheriff's duties are directed by the state, and thus, the sheriff acts as an arm of the state with regard to those functions. *Id.*

The *Manders* Court noted that there are three principal areas wherein the State has specifically authorized the sheriff to act. Those areas include functions with regard to law enforcement, state courts and corrections. *Id.* In the case at issue, Plaintiff has argued that the Defendants violated his constitutional rights by committing gross negligence in allowing a puddle to accumulate on the floor at the Harris County Jail. (Plaintiff's Complaint, p. 3-4).

Based on the analysis found in *Manders*, where a sheriff is performing his official and authorized duties as a state actor, he is entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against him in his official capacity. *See Purcell v. Toombs County*, 400 F.3d 1313, 1325 (11th Cir. 2005) (concluding that a Georgia Sheriff "functions as the arm of the State [not the County] when promulgating policies and procedures governing conditions of confinement" at a county jail, and, therefore, the Sheriff was "entitled to Eleventh Amendment immunity from [a] suit [for

money damages] in his official capacity"). With regard to the Plaintiff's claim, this Court finds that Defendant Jolley was performing his duties as authorized by Georgia state law. Thus, Defendant Jolley is immune to suit in his official capacity under the Eleventh Amendment and Sovereign immunity.

The Eleventh Circuit also acknowledged that Georgia Courts have concluded that sheriff's deputies are employees of the sheriff and not the county. *Grech v. Clayton County*, 335 F.3d 1326, 1342 (11th Cir. 2003); citing *Lowe v. Jones*, 231 Ga. App. 372, 373, 499 S.E.2d 348 (1998) (additional citations omitted). In a line of cases interpreting *Manders*, the courts in this circuit have determined that when a sheriff is acting as an arm of the state, his deputies are also entitled to Eleventh Amendment Immunity. *See Slater v. Henderson*, 2006 WL 1517068, p.1 (M.D. Ga. 2006) (". . . finding that the Eleventh Amendment and the State's sovereign immunity bar Plaintiff's claims against [an investigator with the Sheriff's Department] in his official capacity."); *Bunyon v. Burke County*, 306 F.Supp.2d 1240, 1255 (S.D. Ga. 2004) (After it was determined that the Sheriff was entitled to Eleventh Amendment Immunity, the factors of *Manders* were applied to the Sheriff's deputies to determine that they were are also entitled to Eleventh Amendment Immunity.); *Mladek v. Day*, 293 F.Supp.2d 1297, 1304 (M.D. Ga. 2003) (Sheriff and deputy, sued for excessive force during and after an arrest, were "entitled to official immunity under Eleventh Amendment for any claims brought against them in their official capacity."); and *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1527 (finding that "the sheriff's Eleventh Amendment immunity also extends to deputy sheriffs because of their traditional function under Alabama

law as the sheriff's alter ego."). In accordance, this Court recommends that Lieutenant Webb, as a deputy of Defendant Sheriff Jolley, also be found immune to suit under the Eleventh Amendment in her official capacity.

In Ground 2, Defendants argue that they are not "persons" within the meaning of 42 U.S.C. §1983. In *Will v. Michigan Dept. of State Police,* the Supreme Court held that a state cannot be liable under 42 U.S.C. § 1983 because it is not a "person" within the meaning of the statute. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 63-64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). As previously discussed, in Georgia, a Sheriff acts as an "arm of the state" concerning conditions of confinement in the local jail. *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F. 3d 1313, 1325 (11th Cir. 2005); *Manders v. Lee*, 338 F.3d 1304, 1328 (11th Cir. 2003). Therefore, Defendant Sheriff Jolley, as an arm of the state, is outside the scope of "persons" who can be held liable under § 1983. *Will*, 491 U.S. at 70; *see also Harris v. Champion*, 51 F.3d 901, 906-906 (10th Cir. 1995) ("Neither the state, nor a governmental entity that is an arm of the state for the Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of §1983."). As such, it is recommended that Defendants' Motion to Dismiss be granted.

In Ground 3, Defendants argues that Plaintiff failed to state a valid claim upon which relief can be granted as to any federal claim. (R-15-2).

A plaintiff who challenges the conditions of his confinement under the standard set by the Eighth Amendment, must prove that the conditions complained of constitute "cruel

7

and unusual punishment." *U.S.C.A Const. Amend Eight.* A viable Eighth Amendment claim has both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). The subjective component requires proof that the prison official have a "sufficiently culpable state of mind." *Boxer v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); ) *See Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S. Ct. 2321 (1991) (The subjective component requires proof that the officials acted with subjective deliberate indifference to an inmate's health or safety). The objective component requires proof that the deprivation was sufficiently serious. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S. Ct. 995 (1992). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S. Ct. 1970. Additionally, "under our circuit precedent about the nature of actionable injuries under the Eighth Amendment, an injury can be 'objectively, sufficiently serious' only if there is more than *de minimis* injury." *Id.* See *Johnson v. Breeden*, 280 F.3d 1308, 3121 (11th Cir. 2002).

In order to prevail on his constitutional claim and to recover in this case, Plaintiff must establish that the Defendants were deliberately indifferent to a substantial risk of serious harm. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Prison officials or prison doctors cannot be held accountable "under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. 837, 114 S. Ct. 1979 (1994). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as infliction of punishment." *Id*. at 848. "Thus, the official must have a subjectively sufficiently culpable state of mind." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (internal citations omitted). "Likewise, in addition to the subjective awareness of the relevant risk, *Estelle* requires that plaintiff show more than mere negligence to establish a violation of the Eighth Amendment. . . ." *McElligott*, 182 F.3d 1248, 1255 (11th Cir. 1999); citing *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Plaintiff Gates is essentially pleading a slip and fall claim; however, a slip and fall accident does not give rise to a federal cause of action. *See Wynn v. Ankoh*, 2006 WL 2583370 (M.D. Ga. 2006); *citing LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not even state an arguable claim for cruel and unusual punishment."); *Denz v. Clearfield Co.*, 712 F.Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia*, 554 F.Supp. 1215, 1216-17 (N.D. W.Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); *Robinson v. Cuyler*, 511 F. Supp 161, 162-63 (E.D. Pa. 1981) (finding no Eighth Amendment violation based on a slippery floor in a prison kitchen); *Tunstall v. Rowe*, 478 F.Supp. 87, 88-9 (N.D. Ill. 1979) (finding no

9

Eighth Amendment violation based on a greasy stairway).

In *Daniels v. Williams*, Plaintiff Daniels complained that he slipped and fell, injuring his back and ankle, due to a pillow negligently left in a prison stairway by a guard. 474 U.S. 327, 106 S.Ct. 662 (1986). The Supreme Court of the United States held that "the Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Id*. at 328. Explaining further, The Court stated:

> We think the actions of prison custodians in leaving a pillow on the prison stairs, or mislaying an inmates's property, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggest no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law. . . . The only tie between the facts of this case and anything governmental in nature is the fact that respondent was a sheriff's deputy at the Richmond city jail and petitioner was an inmate confined in that jail. But while the Due Process Clause of the Fourteenth Amendment obviously speaks to some facets of this relationship . . . we do not believe its protections are triggered by lack of due care by prison officials. . . . Where a government official's act causing injury to life, liberty, or property is merely negligent, "no procedure for compensation is *constitutionally* required."

Id. at 332-333; *citing Parratt v. Taylor*, 451 U.S. 527, 548, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (additional citations omitted).

In the instant case, Plaintiff cannot establish hat the Defendants' conduct was more than mere negligence. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir.2004). The higher

10

Courts have repeatedly determined that a slip and fall case, such as Plaintiff Gates' case, does not rise above mere negligence and does not create a claim for a Constitutional violation. Therefore, it is recommended that Defendants' Motion to Dismiss be granted.

Ground Four addresses the statute of limitations. A statute of limitations begins to run when a cause of action accrues. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The United States Court of Appeals for the Eleventh Circuit has held that the Georgia two-year personal injury limitations period for injuries to the person under O.C.G.A. § 9-3-33 applies to § 1983 actions in a Georgia district court. *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987) (construing O.C.G.A. § 9-3-33). The Defendants argue that the statute of limitations bars this action and have asked this Court to reconsider it's earlier ruling in which it found that the statute of limitations was tolled during the pendency of Plaintiff's first action[1].

In *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004), the Court of Appeals for the Eleventh Circuit found that the mere timely filing of a prior lawsuit, followed by a dismissal without prejudice, did not toll the statute of limitations. Additionally, in *Justice v. United States*, the Eleventh Circuit Court of Appeals referred to the prior holding

---

[1] A Report and Recommendation was filed on May 17, 2006, recommending dismissal based on the statute of limitations. (R-4). Plaintiff filed objections, alleging that his time was tolled during the pendency of his prior case, 4:04-CV-45. (R-5). On June 29, 2006, this Court issued an Order rescinding the prior Report and Recommendation. (R-6).

11

in *Stein* which found that ". . . the dismissal of an earlier suit [] without prejudice does not authorize a subsequent suit brought outside an otherwise binding statute of limitations. . . . *Stein* announces at least a general rule that the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations." *Justice v. United States*, 6 F.3d 1474, 1478-1479 (11th Cir. 1993); *citing Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also Geoff v. United States*, 659 F.2d 560, 562 (5th Cir. 1981) ("It is also well established that the fact that a dismissal of an earlier suit was without prejudice does not authorize the bringing of the suit later outside of an otherwise binding limitations period.").

After reviewing case law, this Court recommends that the case be dismissed for lack of jurisdiction, barring any evidence that Plaintiff may produce that would present a legitimate tolling issue[2].

Finally, Defendants argue that Plaintiff's § 1983 claims for punitive damages should be dismissed because punitive damages may not be assessed against the named Defendants in their official capacities, as a matter of law. *See Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995), *MARTA v. Boswell*, 261 Ga. 427 (1991); *Georgia Ports Authority v. Hutchinson*, 209 Ga. App. 726, 730(a) (1993). As Plaintiff's claims were specifically stated to be against the Defendants in their official capacities (R-1), this Court recommends

---

[2] Once a defendant has shown that Plaintiff is time-barred by the applicable statute of limitations, the burden shifts to Plaintiff to show that the statute of limitations was tolled. *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir. 1971).

dismissal of all punitive damages claims.

In addition to the Motion to Dismiss, this Court screens cases under 28 U.S.C. § 1915(e)(2). The relevant portion of 28 U.S.C. § 1915(e)(2), regarding *in forma pauperis* complaints reads:

> The court shall dismiss the case **at any time** if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>     (i) is frivolous or malicious:
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

An action is "frivolous" for purposes of § 1915(e)(2) if "it is without arguable merit either in law or fact." *Napier v. Preslicka,* 314, F.3d 528, 531 (11th Cir. 2002), *cert. denied*, 124 S.Ct. 1038 (2004).

**Exhaustion Requirement**

By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992). The Eleventh Circuit Court of

Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements..." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*,, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Woodford*, at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be fully and properly exhausted. *Id.*

A review of the Georgia Department of Corrections Standard Operating Procedure (hereinafter, "SOP") on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure" before proceeding to a "Formal Grievance Procedure." SOP Reference Number: IIB05-0001. The SOP states that an inmate has ten calendar days from the date he knew or should have known of the facts surrounding the grievance to file an informal grievance. *Id.* After a

decision is rendered regarding the informal grievance, the inmate may procure a formal grievance form from a prison counselor. *Id.* The inmate must fill out and sign his formal grievance form within five (5) business days of the inmate's receipt of the written resolution of his informal grievance. *Id.* There further exists an appeal process for inmates who are not satisfied with the outcome of the formal grievance. *Id.* For an inmate to fully exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure in a timely manner.

Although this issue was not argued by the Defendants, the Court has an obligation to dismiss an action if it determines that said actions meets one of the conditions under 28 U.S.C. § 1915(e)(2). Plaintiff's prior lawsuit was dismissed for failure to properly exhaust his administrative remedies. In relevant part, the Report and Recommendation in case 4:04-CV-45, which was adopted by Order of the District Court on January 11, 2005, found:

> For the foregoing causes, after review and reconsideration of Plaintiff's Complaint, it is concluded that commencement of this action was improvidently granted, inasmuch as Plaintiff has failed to exhaust his administrative remedies, particularly by failing to raise as an issue any actionable injury received while in custody of the Defendants, thereby failing to put the administrative authority on notice of all issues in contention, to allow the authority an opportunity to investigate those issues.

(R-19), Case No. 4:04-CV-45. As previously stated, for a Plaintiff to fully exhaust his administrative remedies, he must do so in the manner provided by the relevant procedure or statute and within the time line provided by said procedure or statute. Plaintiff Gates failed to give the Defendants proper notice of any injury received during his initial grievance

15

process or within ten (10) days from the incident as required by the SOP. Said failure cannot be rectified by Plaintiff's attempts to re-grieve the incident over a year after the occurrence. (R-5-2).

An action is "frivolous" for purposes of § 1915(e)(2) if "it is without arguable merit either in law or fact." *Napier v. Preslicka,* 314, F.3d 528, 531 (11th Cir. 2002), *cert. denied*, 124 S.Ct. 1038 (2004).

Accordingly, it is hereby RECOMMENDED, that Plaintiff's case be DISMISSED as frivolous pursuant to 28 U.S.C. §1915(e)(2), or in the alternative, it is RECOMMENDED that the Defendants' Motion to Dismiss be GRANTED pursuant to the foregoing authority.

Further, it should be noted that Plaintiff filed a Motion for Judge's Intervention for Settlement on October 16, 2006, for which this Court can find no authority upon which to grant said motion and which motion would be rendered moot if the Report and Recommendation is adopted by the District Court. Additionally, Plaintiff filed a Motion to Compel Discovery and a supporting Affidavit (R-24-1 and 24-2), Plaintiff's First Request for Productions of Documents to Defendants (R-24-3), and Plaintiff's First Interrogatories to Defendants (R-24-4), on November 29, 2006, and an Amended Motion to Compel on November 30, 2006 (R-25). The record in this action does not disclose that Plaintiff Gates has employed any proper discovery action subsequent to the Defendants Answer being filed, or that any of the discovery that he seeks, as enumerated in his Motion to Compel, would defeat the aforementioned grounds upon which this Court recommends dismissal. However, the Recommendation to Dismiss Plaintiff's Complaint, if adopted, would render Plaintiff's

Motions filed on October 29 and 30, 2006, moot. In addition, on December 4, 2006, Defendants filed a Motion for Extension of Time to File Dispositive Motions which would also be rendered moot if the District Court adopts the Report and Recommendation herein.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO ORDERED this 6th day of December, 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc